# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL EUGENE SAMPO,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 3:21-cv-00264-SLG

## ORDER OF DISMISSAL

At Docket 1, Michael Eugene Sampo, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Mr. Sampo alleges that the United States Supreme Court decision of *Borden v. United States*, 593 U.S. ___, 114 S. Ct. 1817 (2021), changed the definition of a crime of violence, and thus his conviction on Count 2, under 18 U.S.C. § 924(c)(3)(a), Discharging a Firearm During and in Relation to a Crime of Violence, should be set aside.[1] Mr. Sampo further alleges that because "Borden had yet to be decided until after I filed and denied relief from my 2255 motion in fear of potentially becoming charged with ACCA, I should be allowed a 2255e."[2] For relief, Mr. Sampo requests to be resentenced "after the 924(c)(3)(a) is removed."[3]

---

[1] Docket 1 at 6-7.

[2] Docket 1 at 7.

[3] Docket 1 at 8.

The Court takes judicial notice of Mr. Sampo's federal court criminal case in *United States of America v. Michael Eugene Sampo*, Case No. 3:17-cr-00143-SLG.[4] Specifically, the Court notes that Mr. Sampo's Motion under 28 U.S.C. § 2255 resolved with the dismissal with prejudice of Claims 2–5 and the withdrawal of Claim 1 resulting in a dismissal without prejudice of that claim.[5] Currently, Mr. Sampo is in the custody of the Bureau of Prisons at the Coleman Correctional Complex in Coleman, Florida.[6]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[7] A court must "promptly examine" a habeas petition.[8] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[9] Upon screening, it plainly appears

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] *United States of America v. Michael Eugene Sampo*, Case No. 3:17-cr-00143-SLG, Docket 137 (dismissal with prejudice of Claims 2–5), Docket 151 (withdrawal and denial without prejudice of Claim 1), and Docket 152.

[6] Docket 1 at 1.

[7] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. (The same procedural rules for 28 U.S.C. § 2254 govern 28 U.S.C. § 2241, Local Habeas Corpus Rule 1.1(c)(2)).

[9] *Id.*

Case No. 3:21-cv-00264-SLG, *Sampo v. United States of America*
Order of Dismissal
Page 2 of 5
Case 3:21-cv-00264-SLG   Document 3   Filed 02/25/22   Page 2 of 5

that Mr. Sampo is not entitled to habeas relief pursuant to § 2241, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[10] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[11] Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[12]

However, petitions pursuant to 28 U.S.C. § 2241 are not without procedural requirements. First, a petitioner must file a § 2241 petition in the district court that has jurisdiction over the petitioner's custodian (i.e., the warden of the correctional facility).[13] The Bureau of Prisons holds Mr. Sampo in custody in Coleman, Florida. Therefore, the proper venue for Mr. Sampo's § 2241 petition is the U.S. District Court for the Middle District of Florida, Ocala Division, not the District of Alaska.

Second, a petition under § 2241 may not be used to circumvent the procedural requirements for a motion under 28 U.S.C. § 2255.[14] Mr. Sampo asserts that he should be permitted to bring his petition pursuant to § 2255(e). That subsection allows a prisoner

---

[10] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[11] *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[12] 28 U.S.C. § 2241(c)(3).

[13] *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).

[14] *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).

Case No. 3:21-cv-00264-SLG, *Sampo v. United States of America*
Order of Dismissal
Page 3 of 5
Case 3:21-cv-00264-SLG    Document 3    Filed 02/25/22    Page 3 of 5

to bring a § 2241 petition if he can demonstrate that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention."[15] However, the remedy under § 2255 is not inadequate or ineffective merely because the petitioner is prevented from filing a second or successive motion without leave of the circuit court of appeals,[16] or because the § 2255 motion was denied on the merits.[17]

The Court denied with prejudice Claims 2–5 of Mr. Sampo's § 2255 motion, of which, Claims 2 and 3 addressed the interpretation of a "crime of violence."[18] Subsequently, Mr. Sampo voluntarily dismissed his appeal as to those claims.[19] To proceed under *Borden*, Mr. Sampo must first seek leave from the Ninth Circuit Court of Appeals in order to file a second or successive § 2255 motion.[20] To the extent the Mr. Sampo believes that the "escape hatch" or "savings clause" of 28 U.S.C. § 2255(e) applies to him, the Ninth Circuit Court of Appeals has held "that a motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence,

---

[15] 28 U.S.C. § 2255 (e).

[16] *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).

[17] *Tripati v. Henman*, 843 F.2d 1160, 1162–63 (9th Cir. 1988); *see also Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

[18] Docket 137 at 6–9.

[19] Docket 156.

[20] 28 U.S.C. § 2255(h) (requiring "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

Case No. 3:21-cv-00264-SLG, *Sampo v. United States of America*
Order of Dismissal
Page 4 of 5
Case 3:21-cv-00264-SLG   Document 3   Filed 02/25/22   Page 4 of 5

and (2) has not had an unobstructed procedural shot at presenting that claim.'"[21] However, in order to file a § 2241 petition under the "escape hatch," Mr. Sampo must file the § 2241 petition in the appropriate venue of his custody, which as noted above, is not the District of Alaska.

For the foregoing reasons, the Court does not have jurisdiction over Mr. Sampo's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Therefore, Mr. Sampo's petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED** without prejudice.

2. All pending motions are **DENIED**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[22]

DATED this 25th day of February, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[21] *Harrison*, F.3d at 959 (quoting *Stephens*, 464 F.3d at 898).

[22] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:21-cv-00264-SLG, *Sampo v. United States of America*
Order of Dismissal
Page 5 of 5
Case 3:21-cv-00264-SLG   Document 3   Filed 02/25/22   Page 5 of 5